IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD C. PEARSON,          § | |
| § | |
| Plaintiff,          § | |
| § | |
| v.          § | Civil Action No. 3:08-CV-1885-B (BH) |
| § | |
| U.S. DEPARTMENT OF HOMELAND          § | |
| SECURITY, et al.,          § | |
| § | |
| Defendants.          § | |

### ORDER

Pursuant to the District Court's *Order of Reference*, signed March 9, 2009, before the Court is Plaintiff's *Verified Motion and Request for In Camera Review of Materials Sought in Discovery*, filed March 6, 2009 (docket #17), for hearing if necessary, and for recommendation or determination. Based on the relevant filings and applicable law, the Court finds that Plaintiff's motion should be **DENIED,** but Defendants should be ordered to produce a Vaughn Index to be reviewed by the District Court.

### I. BACKGROUND

Plaintiff Ronald C. Pearson ("Plaintiff") filed suit under the Freedom of Information and Privacy Act ("FOIA"), 5 U.S.C. § 552(a)(4)(b), against Defendants United States Department of Homeland Security ("DHS"), the Federal Bureau of Investigation ("FBI"), the United States Attorney for the Northern District of Texas, and the Department of Justice Criminal Division ("DOJ") (collectively "Defendants") on October 22, 2008.

On December 5, 2006, a grand jury in criminal case number 3:06-CR-369-R in the United States District Court for the Northern District of Texas indicted Plaintiff. After pleading guilty, the district court sentenced Plaintiff on December 20, 2007. (Compl. at 1). Plaintiff

Case 3:08-cv-01885-B Document 25 Filed 05/08/09 Page 2 of 7 PageID 209


currently is incarcerated at the Federal Correctional Institution in Seagoville, Texas. Between June 3, 2008 and August 13, 2008, Plaintiff made written requests under the system of records maintained by Defendants for documents, records, reports, communications, pictures, exhibits, memorandums, letters, summaries, handwritten notes, recordings, and all other information compiled on him by Defendants for the years 2003 through 2008. (Compl. at 2-3). Defendants denied Plaintiff access to all documents, claiming various exemptions under the Freedom of Information Act. (Compl. at 8-18).

Specifically, the DHS claimed Freedom of Information Act ("FOIA") exemptions 7(A), (C), and (D), arguing that the documents requested were compiled for law enforcement purposes and their release could reasonably be expected to: (1) interfere with enforcement proceedings; (2) constitute an unwarranted invasion of personal privacy; or (3) disclose identities of confidential sources respectively. (Compl. at 7-8). The DHS also claimed FOIA exemption 7(E), contending that the release of documents would disclose techniques, procedures, or guidelines for law enforcement investigations or prosecutions, and such disclosure could reasonably be expected to risk circumvention of the law. (Compl. at 8). Additionally, the DHS claimed FOIA exemption 2, arguing that it protects information applicable to internal administrative and personnel matters, such as operating rules, guidelines, and manuals of procedures of examiners or adjudicators, to the extent that disclosure would risk circumvention of an agency regulation or statute, impede the effectiveness of agency's activities, or reveal sensitive information that may put the security and safety of an agency activity or employee at risk. (Compl. at 7).

The DOJ responded to Plaintiff's requests for documents by stating that it was unable to search the documents because Plaintiff had not furnished the agency with certain items in

compliance with 28 C.F.R. § 16.41. (Compl. at 16). The FBI sent a similar response to Plaintiff. (Compl. at 9).

After sending letters to the agencies contending they had not responded to his requests in a timely manner, Plaintiff filed this FOIA lawsuit to compel production of the requested documents. On March 6, 2009, he filed this motion for *in camera* review. Plaintiff states that he has a pending motion to vacate his sentence under 28 U.S.C. § 2255, and that the records and documents sought through the FOIA lawsuit may be helpful to that motion. (Pl. Mot. at 1; *see* 3:08-CV-1327-O). Plaintiff argues that "the agency internal appeal process is designed to delay production of documents" and that these appeals could take up to two years, thus resulting in the effective denial of documents relevant to his § 2255 claims. (Pl. Mot. at 2). Defendants filed their response on March 10, 2009, and the matter is now ripe for consideration.

## II.   ANALYSIS

### A.   Consolidation of FOIA and Habeas Actions

Before the Court considers the merits of Plaintiff's FOIA claim, it first must address Defendants' request to consolidate the instant motion with Plaintiff's pending habeas action. (*See* Resp. at 1-2).

Pursuant to the Federal Rule of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has broad discretion to decide whether consolidation is desirable under Rule 42(a). *See Frazier v. Garrison I.S.D.*, 980 f.2d 1514, 1531 (5th Cir. 1993).

In Defendants' one-and-a-half-page response, they fail to cite a single case or argument for why Plaintiff's FOIA and habeas actions should be consolidated. (*See* Resp.). Although the two actions both relate to Plaintiff's criminal conviction, the relief sought under each is separate. Plaintiff's FOIA action seeks disclosure of certain documents; his habeas action alleges ineffective assistance of counsel. A favorable finding in Plaintiff's FOIA action would not by itself establish some necessary element to his habeas action. *See Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 376 (C.A.D.C. 2000) (in dicta, stating that a favorable FOIA finding would not by itself establish necessary elements of a habeas claim and therefore would not be barred under *Edwards v. Balisok*, 520 U.S. 641 (1997)). Additionally, the court notes that Defendants' response is their first request for consolidation, and that they made this request approximately three months after findings recommending dismissal of Plaintiff's habeas action were issued. (No. 3:08-CV-1327, #18). Given the late stage of the habeas proceeding, the separate nature of the actions, and Defendants' failure to present an argument or case law in support of their position, consolidation is not warranted.

**B.**     **Motion for *in camera* Review**

The Court now turns to Plaintiff's request for an *in camera* review of the documents sought by his FOIA request.

   **1.**     **Legal Standard**

The FOIA mandates that government agencies make available to the public their records, and embodies a general philosophy of full disclosure by the agency. *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986); *see* 5 U.S.C. § 552. Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request, the agency in question must make the requested records promptly

available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. 5 U.S.C. § 552(a) and (b). When an agency asserts that documents or portions thereof are exempt from disclosure, a district court conducts a *de novo* review to ascertain whether the claimed exemptions apply. 5 U.S.C. § 552(a)(4)(B). An agency has the burden of proving that particular documents are exempt from disclosure. *Id.*; *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 398 (5th Cir. 1985).

In the course of its *de novo* review, the district court may exercise its discretion and conduct an *in camera* review of the challenged documents. 5 U.S.C. § 552(a)(4)(B); *see also N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *Stephenson v. I.R.S.*, 629 F.2d 1140, 1145 (5th Cir. 1980). The exercise of this discretion involves consideration of several factors: (1) whether the record is vague or whether the agency's claims are too sweeping or suggestive of bad faith; (2) the number of documents in question; (3) the need to balance the interests of the parties seeking disclosure of records against the policies underlying the exemptions claimed; and (4) the need to segregate non-exempt material from a document withheld under the a particular FOIA exemption. *See Lead Indus. Assoc. v. Occupational Safety & Health Admin.*, 610 F.2d. 70, 88 (2d Cir. 1979); *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973); *Laborers' Int'l Union v. U.S. Dep't of Justice*, 578 F.Supp. 52, 58 (D.D.C. 1983); *Soucie v. David*, 448 F.2d 1067, 1079 (D.C. Cir. 1971). The ultimate criterion is whether the District Court believes that an *in camera* inspection is necessary to make a responsible *de novo* determination on the exemption claims. *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978).

Even though the FOIA authorizes a court to conduct *in camera* inspection of agency records, such inspection should be used sparingly and only in cases where the issue before the District Court cannot be otherwise resolved. *N.L.R.B.*, 413 U.S. at 224. Before the Court orders

*in camera* inspection, the Government should be given the opportunity to establish by means of oral testimony or detailed affidavits that the documents are clearly exempt from disclosure. *E.P.A. v. Mink*, 410 U.S. 73, 93 (1973); *Stephenson*, 629 F.2d at 1144. The Court, in its discretion, may also resort to an intermediate approach by requiring from the withholding agency an index (known as Vaughn index) and detailed justifications for exemption claims, or by conducting an examination of samples of withheld reports. *Stephenson*, 629 F.2d at 1145; *Vaughn*, 484 F.2d at 827-28.

### 2. Plaintiff's motion

In this case, Defendants do not address the exemptions they claimed when they responded to Plaintiff's FOIA request. (*See* Resp.). They therefore failed to meet their burden of proof to show that the requested documents are exempt from disclosure. 5 U.S.C. § 552(a)(4)(B); *Sharyland*, 755 F.2d at 398.

The Court notes, however, that neither party addressed whether their dispute can be resolved short of *in camera* inspection of the documents requested by Plaintiff. Before the Court resorts to this burdensome, non-adversarial, and extraordinary remedy, it should ensure that other less burdensome means have been exhausted to resolve whether Defendants' claims of exemptions are justified under the FOIA. *N.L.R.B.*, 413 U.S. at 224; *Mink*, 410 U.S. at 92-93; *See e.g. Lead Indus. Assoc.*, 610 F.2d. at 87. The amount of documents sought by Plaintiff could be voluminous since he seeks all relevant documents concerning his underlying criminal case, including FBI reports, communication involving the U.S. Attorney's office, and reports, documents, records, and hand-written notes that name him. (Compl. at 4). Given the potential for a large amount of documents, the Court finds that an intermediate approach of a Vaughn

index is most appropriate to this case rather than submission of detailed affidavits for each exemption.  *Vaughn*, 484 F.2d at 827-28.

Since the less burdensome remedy of a Vaughn index could resolve the dispute between the parties, Plaintiff's motion for *in camera* review should be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's *Verified Motion and Request for In Camera Review of Materials Sought in Discovery* (docket #17) be **DENIED**.  The Court further recommends that Defendants be ordered to produce a Vaughn index of the requested documents for review.

**SO RECOMMENDED**, on this 8th day of May, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE