IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONALD C. PEARSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v.  § | Civil Action No. 3:08-CV-1885-B (BH) |
| § | |
| **U.S. DEPARTMENT OF HOMELAND** § | |
| **SECURITY, et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference*, signed September 4, 2009, before the Court is Defendants' *Motion to Dismiss or, in the Alternative, for Summary Judgment* ( doc. 30, 31), filed June 12, 2009, for hearing if necessary, and for recommendation or determination. Based on the relevant filings and applicable law, Defendants' motion to dismiss should be **DENIED,** and their alternate motion for summary judgment should be **GRANTED**.

**I. BACKGROUND**[1]

On December 5, 2006, a grand jury indicted Ronald C. Pearson ("Plaintiff") in criminal case number 3:06-CR-369-R in the United States District Court for the Northern District of Texas. (Compl. at 1). Plaintiff pleaded guilty, and the district court sentenced him on December 20, 2007. *Id.* Plaintiff was incarcerated at the Federal Correctional Institution in Seagoville, Texas, where he presently resides. *Id.* Between June 3, 2008 and August 13, 2008, Plaintiff made written requests to the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ"), seeking

---

[1] The background is taken from Defendants' *Appendix to Motion to Dismiss or, in the Alternative, for summary Judgment* (doc. 32) [hereinafter "App."] and filings in this action, including Plaintiff's Complaint (doc.1 ) [hereinafter "Compl."], which was verified or certified under penalty of perjury to be true and correct.

information pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act ("PA"). (Compl. at 2-3). The requests were for all documents and information related to Plaintiff's criminal investigation for the years 2005 through 2008. *Id.*

The DHS received Plaintiff's FOIA request on June 12, 2008. (Compl. at 6; App. at 36, ¶ 7, McGuinnis Dec.). On June 18, 2008, the DHS sent a letter to Plaintiff, acknowledging receipt of his request and seeking an affirmation/declaration statement in order to process it. (Compl. at 6; App. at 36, ¶ 8, McGuinnis Dec.). On August 13, 2008, instead of submitting the requested statement, Plaintiff mailed another letter to the DHS, seeking production of the previously requested documents. (Compl. at 7, 20; App. at 37, ¶ 9, McGuinnis Dec.). On August 18, 2008, the DHS responded by letter stating that it was withholding the requested records based on several FOIA exemptions. (Compl. at 7; App. at 43-44, Ex. 4, McGuinnis Dec.). *Id.* The letter also notified Plaintiff of his right to appeal the decision to the DHS Associate General Counsel within 60 days. (Compl. at 8; App. at 43-44; Ex. 4, McGuinnis Dec.). Plaintiff did not appeal. (App. at 37, ¶ 10, McGuinnis Dec.).

The DOJ received Plaintiff's FOIA/PA requests through its constituent agencies, the Federal Bureau of Investigation ("FBI"), the Executive Office of the United States Attorney ("EOUSA"), and the Criminal Division ("CMD"). (*See* Compl. at 9-21). The FBI received Plaintiff's FOIA/PA request on June 17, 2008. (App. at 82, ¶ 5, Hardy Dec.). By letter dated June 17, 2008, the FBI notified Plaintiff that he needed to fill out an additional form before processing could begin. (App. at 91, Ex. B, Hardy Dec.). The FBI received a second FOIA/PA request from Plaintiff on June 19, 2008, which was substantially similar to his first request. (App. at 93, Ex. C, Hardy Dec.). The same day, the FBI sent him a letter advising him of the need to return his request with the

2

appropriately signed form. (App. at 96, Ex. D, Hardy Dec.). On July 7 and 9, 2008, Plaintiff sent substantially duplicate requests to the FBI. (App. at 83, ¶¶ 7-8, Hardy Dec.). On July 16, 2008, the FBI notified him by letter that it had no records responsive to his FOIA/PA requests. (App. at 110, Ex. I , Hardy Dec.). The letter notified Plaintiff of his right to appeal to the DOJ Office of Information and Privacy within 60 days. *Id.* Plaintiff did not appeal. (App. at 85, ¶ 17, Hardy Dec.).

On September 10, 2008, the FBI received another FOIA/PA request from Plaintiff, and notified him by letter the same day that its records system would be searched for responsive material. (App. at 85, ¶¶ 11-12, Hardy Dec.). On September 17, 2008, the FBI sent Plaintiff a letter stating that it had no records responsive to his FOIA/PA request. (App. at 119, Ex. L, Hardy Dec.). The letter advised Plaintiff of his right to appeal to the DOJ Office of Information and Privacy within 60 days. *Id.* Again, Plaintiff did not appeal. (App. at 85, ¶ 17, Hardy Dec.).

The CMD received Plaintiff's FOIA/PA requests on June 11, 2008. (App. at 62, ¶ 4, Roberts Dec.). The requests sought records concerning himself from the year 2004-2008. *Id.* The CMD responded by letter the same day and requested Plaintiff to complete and return the enclosed forms before processing could begin. (App. at 67-68, Ex. B, Roberts Dec.). On August 13, 2008, Plaintiff sent CMD a letter stating that it had not timely responded to his requests. (App. at 69, Ex. C, Roberts Dec.). On September 2, 2008, the CMD received a copy of the completed forms from Plaintiff. (App. at 63, ¶ 7, Roberts Dec.). By letter dated September 9, 2008, the CMD acknowledged their receipt and notified Plaintiff that a search would be conducted. (App. at 63, ¶ 8, Roberts Dec.). On November 10, 2008, the CMD notified Plaintiff by letter that no records pertaining to his request had been located. (App. at 63, ¶ 10, Roberts Dec.). The letter advised

3

Plaintiff of his right to appeal to the DOJ Office of Information and Privacy within 60 days of the date of the letter. *Id.* Plaintiff did not appeal. (App. at 64, ¶ 11, Roberts Dec.).

The EOUSA received FOIA/PA requests from Plaintiff on June 20, 2008. (App. at 49-52, Ex. A, Boseker Dec.). The requests were for documents relating to him from the year 2004 to 2008. *Id.* The EOUSA notified Plaintiff by letter the same day that he needed to complete the enclosed form before processing could begin. (App. at 53-54, Ex. B, Boseker Dec.). By letter dated July 28, 2008, the EOUSA notified Plaintiff that his request had subsequently been received and assigned a case number. (App. at 55-56, Ex. C, Boseker Dec.). On September 29, 2008, EOUSA notified Plaintiff that it had conducted the search and released 39 pages in full and 15 pages in part, and withheld 7 pages in full based on certain exemptions. (App. at 57-58, Ex. D, Boseker Dec.). The letter advised Plaintiff of his right to appeal to the DOJ Office of Information and Privacy within 60 days. *Id.* Plaintiff did not appeal. (App. at 47, ¶ 10, Boseker Dec.).

On October 22, 2008, pursuant to 5 U.S.C. § 552(a)(4)(B), Plaintiff filed suit against the DHS and the DOJ[2] (collectively "Defendants"), claiming violations of FOIA (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a). (*See* Compl. at 1-3). Plaintiff claimed that Defendants had "failed, refused, and neglected to comply with [his] reasonable requests for records, documents, and discovery." (Compl. at 3, ¶ 9). Plaintiff sought to compel Defendants to disclose the entire record maintained within their system of records and concerning his criminal investigation in case number 3:06-CR-369-R from 2005 to 2008. (Compl. at 3, ¶¶ 11, 12). On March 6, 2009, Plaintiff moved for an in camera review of the requested documents to determine whether Defendants' denials and claims of privileges were valid. (*See* doc. 17). On May 26, 2009, the district court denied Plaintiff's

---

[2] Plaintiff filed suit against the DOJ through its components, the FBI, US Attorney for the Northern District of Texas, and the CMD.

4

motion but ordered Defendants to produce a Vaughn Index of the requested documents as described in *Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973) within 60 days. (*See* doc. 28).

Defendants filed this motion to dismiss and alternate motion for summary judgment on June 12, 2009, along with a memorandum in support ("D. Mem."). On July 23, 2009, Plaintiff filed a response. The issues are now ripe for determination.

## II. JURISDICTION

Although Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) and summary judgment under Fed. R. Civ. P. 56, they also challenge the Court's jurisdiction over this case based on mootness. (*See* D. Memo. at 2, 11).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Not only must there be a live "case or controversy at the time the complaint is filed" but "the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *see also*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (recognizing that "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'").

The case-and-controversy requirement encompasses the interrelated principles of standing and mootness. *See Arizonans for Official English*, 520 U.S. at 64-67. "One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Geraghty*, 445 U.S. at 397 (quoting Monaghan, Constitutional

Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)); *but see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (recognizing that this description of mootness "is not comprehensive").

> The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' In other words, when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable.

*Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) (citation omitted). Whether the issue is one of standing or of mootness, the relevant inquiry is whether the plaintiff or petitioner has a legally cognizable interest in the outcome.

In this case, Plaintiff alleged that Defendants violated FOIA and the Privacy Act by failing, refusing, and neglecting to comply with his reasonable requests for records, documents, and discovery. (Compl. at 3, ¶ 9). He sought to compel disclosure of all records concerning his criminal investigation and maintained by Defendants from the year 2005 to 2008. (Compl. at 3, ¶¶ 11, 12). To this day, Plaintiff alleges an injury fairly traceable to Defendants' unlawful conduct and seeks disclosure of the above-mentioned documents. Because the case or controversy that existed at the conception of the lawsuit has not yet been resolved, Plaintiff's personal stake or legally cognizable interest in the litigation continues. *See Sosna*, 419 U.S. at 402; *Arizona*, 520 U.S. at 67. His complaint therefore is not moot. *Geraghty*, 445 U.S. at 397.

Defendants contend that Plaintiff brought suit under 5 U.S.C. § 552(a)(6)(C), challenging the timeliness or tardiness of Defendants' responses to his FOIA/PA requests. (D. Memo. at 12, 16).

They argue that Plaintiff's complaint should be dismissed as moot because they have responded to all of his requests. (D. Mem. at 12). Plaintiff does not challenge the timeliness of their responses, however. As noted earlier, the purpose of Plaintiff's lawsuit is to compel disclosure of the entire record regarding his criminal investigation. (Compl. at 3, ¶¶ 11, 12). Additionally, nowhere does Plaintiff's complaint state a violation of § 552(a)(6)(C). Rather, the complaint states that Plaintiff's lawsuit was brought pursuant to § 552(a)(4)(B). This provision allows a district court to enjoin an agency from withholding agency records and to conduct an in camera inspection of the records to determine whether they were properly withheld. *See* 5 U.S.C. § 552(a)(4)(B). Since Plaintiff's lawsuit seeks disclosure of the withheld records and does not challenge the timeliness of Defendants' responses, Defendants' argument that the claim should be dismissed on grounds of mootness is unavailing.

Defendants' motion to dismiss Plaintiff's complaint as moot should be **DENIED**.

### III. RULE 12(b)(6) MOTION TO DISMISS

Defendants also move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D. Mem. at 12). They argue that exhaustion of administrative remedies is required in order to state a claim under FOIA and the Privacy Act. (D. Mem. at 12-17).

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In the 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, documents "attache[d] to a motion to dismiss

are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007).

To support their motion, Defendants provide additional material that Plaintiff did not file with his complaint. The Court therefore proceeds to Defendants' alternate motion. *See* Fed. R. Civ. P. 12(d).

## IV.  RULE 56 MOTION FOR SUMMARY JUDGMENT

Defendants move, in the alternative, for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies before filing his FOIA and Privacy Act claims. (D. Mem. at 2, 17).

A motion for summary judgment regarding a FOIA claim is properly considered under Fed. R. Civ. P. 56(c). *See Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993). Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its

motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However,

the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**A.     FOIA Claim**

Defendants move for summary judgment on Plaintiff's FOIA claim on grounds that Plaintiff failed to exhaust his administrative remedies prior to filing his FOIA claim. (D. Mem. at 12, 17).

A plaintiff must exhaust his administrative remedies before bringing a FOIA claim in federal court. *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir. 1993); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (holding that FOIA implicitly requires a claimant to exhaust administrative remedies prior to seeking judicial review). Furthermore, in order to obtain judicial review under FOIA, a plaintiff must present proof that he has actually exhausted his administrative remedies. *Hedley*, 594 F.2d at 1044; *Thomas v. U.S. Dep't of Justice*, 260 Fed. Appx. 677, 680 (5th Cir. 2007). A FOIA claimant actually exhausts his administrative remedies, when he files a proper request with the appropriate agency and appeals any adverse determinations administratively. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Wells v. U.S. Dep't of Educ., et al.*, 2009 WL 2475434, at *2 (M.D. La. Aug. 12, 2009).

A FOIA claimant may also seek judicial review if he shows constructive exhaustion of his administrative remedies. *Oglesby*, 920 F.2d at 62; *Voinche v. F.B.I.*, 999 F.2d at 963; 5 U.S.C. §

552(a)(6)(C). The claimant constructively exhausts his administrative remedies if the agency does not respond to his request within 20 days by notifying him of its decision to comply with the request, the reasons for such decision, and of the claimant's right to appeal that decision. *See id.* The option to seek judicial review based on constructive exhaustion "lasts only up to the point that an agency actually responds." *Oglesby*, 920 F.2d at 61. Once the agency responds, a FOIA claimant "may no longer exercise his option to go to court immediately." *Id.* Instead, he must wait for an unsuccessful appeal to the appropriate administrative authority before seeking judicial review. *Id.*

Defendants provide specific evidence to show that Plaintiff did not submit proper FOIA requests, and that Defendants asked him on several occasions to accompany his application with appropriate information and paperwork. (*See* App. at 91, 93, 67-68, 53-54). They also provide evidence that Plaintiff did not administratively appeal any agency determinations. (*See* App. at 37, 47, 64, 85). Finally, Defendants responded to Plaintiff and notified him of their determinations, the reasons for those determinations, and of his right to appeal those determinations. (*See* App. at 43-44, 58, 63, 85, 110). By showing that Plaintiff did not exhaust his administrative remedies under FOIA, Defendants have met their summary judgment burden. *See Celotex*, 477 U.S. at 323; *Hedley*, 594 F.2d at 1044.

In his response, Plaintiff does not provide specific proof to show actual or constructive exhaustion of his FOIA remedies, dispute his failure to exhaust his FOIA remedies, or show a genuine issue of material fact. Plaintiff cannot seek judicial review based on actual exhaustion because he did not administratively appeal the agency determinations. Nor can Plaintiff seek judicial review based on constructive exhaustion because Defendants responded to Plaintiff's

requests for disclosure before he filed his FOIA claim.[3] *Oglesby*, 920 F.2d at 61. Summary judgment should therefore be **GRANTED** in favor of Defendants. *See Celotex.* at 324.

**B.      Privacy Act Claim**

Defendants also move for summary judgment on Plaintiff's Privacy Act claim. (D. Mem. at 2). They argue that exhaustion of administrative remedies is required before filing a Privacy Act claim. (D. Mem. at 17).

Just as under FOIA, the Privacy Act requires an exhaustion of administrative remedies before seeking judicial review. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 476 (5th Cir. 1997). Even though exhaustion of remedies is not a jurisdictional bar to a Privacy Act claim, the jurisprudential exhaustion doctrine requires a Plaintiff to exhaust his administrative remedies before seeking judicial relief under the Privacy Act. *Id.* "While courts have discretion in applying the jurisprudential exhaustion requirement...[they] should only excuse a claimant's failure to exhaust administrative remedies in exceptional circumstances." *Id.* at 477. Exceptional circumstances include situations in which "(1) the unexhausted remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g. the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of remedies would be futile because the administrative agency will clearly reject

---

[3] Even though the CMD notified Plaintiff of its decision, and his right to appeal on November 10, 2008, after Plaintiff filed his FOIA lawsuit, the evidence shows that CMD was in the process of conducting its search and had been in correspondence with Plaintiff accordingly. (See App. at 63). Constructive exhaustion does not make "all claims against an agency immediately and irrevocably ripe for judicial review." *Oglesby*, 920 F.2d at 62. Rather the court determines whether "the agency has been diligently working on a response to the request, but has been unable to meet the deadline because of exceptional circumstances" and grants "an extension of time to allow the agency to finish reviewing the request." *Id.* In this case, since the CMD has already responded to the request, constructive exhaustion is of no avail to Plaintiff.

12

the claim." *Id.* (citing *Patsy v. Fla. Int'l Univ.*, 634 F.2d 900, 903-04 (5th Cir. 1981)).

The Privacy Act requires a claimant to make a written appeal to the Office of Information and Privacy within 60 days of an adverse agency determination. 5 U.S.C. § 552a(f)(4); 28 C.F.R. 16.45(a). Defendants' evidence shows that Plaintiff did not appeal any of his agency determinations to the appropriate authority despite being notified of his right to appeal on several occasions. (*See* App. at 47, 64, 85). They also point to a lack of evidence in the record showing any exceptional circumstances justifying judicial review of Plaintiff's Privacy Act claim. *Taylor*, 127 F.3d at 477. By pointing out that Plaintiff has exhausted his administrative remedies under the Privacy Act and that no exceptional circumstances exist justifying judicial review of his Privacy Act claim, Defendants have met their summary judgment burden. *Celotex*, 477 U.S. at 323.

Plaintiff, in his response, does not dispute his failure to exhaust his administrative remedies. Nor does he identify any exceptional circumstances justifying judicial review of his claim. Since Plaintiff has failed to meet his burden to identify a genuine issue of material fact on this issue, summary judgment should be granted in favor of Defendants with respect to this claim. *Id.* at 324.

## V. CONCLUSION

Defendants' motion to dismiss should be **DENIED**, and their alternative motion for summary judgment should be **GRANTED**.

**SO RECOMMENDED** on this 23rd day of October, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE