UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RONALD C. PEARSON,                    §
                                      §
                Plaintiff,            §
                                      §
v.                                    §        Civil Action No. 3:08-CV-1885-B (BH)
                                      §
U.S. DEPARTMENT OF HOMELAND           §
SECURITY, et al.,                     §
                                      §
                Defendants.           §

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Plaintiff objects that the magistrate judge's recommendation concerning the Government's motion for summary judgment represents a complete change in posture from her previous order compelling the Government to produce a Vaughn Index. He contends that her previous order was based on three of his assertions: (1) that the government violated FOIA by not producing the requested documents, (2) that the Government's administrative/appeal process would not produce the documents in time for Plaintiff's criminal appeal, and (3) that any appeal made through the government's administrative process was futile. He asserts that the magistrate judge failed to address these issues in the recommendation.

First, even if Plaintiff made these assertions in his motion for *in camera* review, he did not

make these assertions in his response to the summary judgment motion. These two motions present distinct issues. The motion for *in camera* review asked the Court to decide whether the exemptions claimed by the Government could be evaluated without resort to *in camera* inspection. In the order compelling the Vaughn Index, the magistrate judge relied on the law applicable to motions for *in camera review* in FOIA cases, not on Plaintiff's assertions. The motion for summary judgment asked the Court to decide whether a FOIA claimant's failure to exhaust his administrative remedies serves as a jurisprudential bar to FOIA and Privacy Act claims.[1] Because the two motions present two distinct issues, the considerations under the law differ for each motion and result in different outcomes.

Second, even if Plaintiff's assertions are considered in response to the summary judgment motion, they are unavailing. In his first assertion, Plaintiff asks the Court to decide whether the government violated FOIA by not producing the requested documents. This is an ultimate issue in a FOIA case and is not dispositive on the issue of administrative exhaustion. In his second and third assertions, he asks the Court to consider whether exhaustion in this case would be futile. Futility of exhaustion may be considered in excusing a claimant's failure to exhaust, but Plaintiff must show that "the administrative agency will clearly reject his claim." *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997) (citing *Patsy v. Fla. Int'l Univ.*, 634 F.2d 900, 903-04 (5th Cir. 1981)). Plaintiff asserts that exhaustion of the administrative process would not produce the requested documents in time for his criminal appeal, but he did not show that the Government will reject his requests for the documents.

---

[1] The Government raised the issue of administrative exhaustion for the first time in its objections to the order compelling it to produce the Vaughn Index.

For the reasons stated in this order as well as in the Findings, Conclusions, and Recommendation, Defendants' motion to dismiss is **DENIED,** and their alternate motion for summary judgment is **GRANTED**.

NOVEMBER 17, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE